UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENYATTA CURSEY,

          Petitioner,

v.                                                                                                   Case No. 23-cv-1739-bhl

WAYNE OLSON, Warden,

          Respondent.

## SCREENING ORDER AND DISMISSAL OF PETITION

       On December 29, 2023, Petitioner Kenyatta Cursey, a state prisoner currently incarcerated at Oakhill Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) With his petition, Cursey filed a "Prisoner Request to Proceed In District Court Without Prepaying the Full Filing Fee" (ECF No. 2) along with a copy of his certified trust account statement (ECF No. 3). This Order addresses Cursey's motion and screens his petition.

       Cursey asks the Court to allow him to proceed without prepaying the full filing fee, using a form applicable to prisoner lawsuits that are subject to the Prison Litigation Reform Act (PLRA), which limits a Court's ability to waive filing fees for prisoners and requires a prisoner plaintiff to make an initial payment toward the filing fee based on the average monthly balance in his or her trust account. *See* 28 U.S.C. § 1915. Because habeas petitions are not subject to the PLRA, *see Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000), Cursey is not required to make a minimum prepayment towards the filing fee. Accordingly, the Court will treat Cursey's motion as one to proceed *in forma pauperis* and without payment of fees and/or costs and assume he seeks a complete waiver of the filing fee. The Court will also grant his request. Cursey states that he receives no income, is not employed at the institution, and has no assets, including no bank account. (ECF No. 2.) Cursey's trust account statement showed that as of December 4, 2023, he had an end balance of $0.12. Based on his submissions, the Court finds that Cursey is sufficiently indigent and will allow him to proceed *in forma pauperis*.

Rule 4 of the Rules Governing § 2254 Cases, requires the Court to screen the petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

Screening Cursey's petition has been made more difficult because Cursey failed to follow Rule 2(d) of the federal habeas rules which requires that his petition "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rule 2, Rules Governing § 2254 Cases. Consistent with this provision, this Court's Civil Local Rule 9(a) requires all persons seeking relief under 28 U.S.C. § 2254 to file their petition "using the forms available from the Court." The Court mandates use of the court's form because a petitioner's answers to the form's questions provides the court with the information necessary for the court to evaluate a request for *habeas* relief and determine whether the petitioner qualifies for such relief. Cursey did not follow Civil Local Rule 9(a). While the Court could dismiss his petition on that basis alone, the Court will proceed to screen the petition based on the information Cursey has provided, which demonstrates that he is not entitled to relief.

**BACKGROUND**

Cursey's petition refers to *Cursey v. Cromwell*, Case No. 2022CV000851 (Kenosha County Circuit Court). According to the on-line docket for that case, on August 12, 2022, Cursey filed a request for a state court writ of mandamus, directing the warden of the Redgranite Correctional Institution (where Cursey was then incarcerated) to release him. *See Cursey v. Cromwell*, 2022 AP1477, 2023 WL 2998889 (Wis. Ct. App. Apr. 19. 2023). Cursey requested mandamus relief based on allegations that the Wisconsin Department of Corrections improperly revoked both of his consecutive terms of extended supervision, following Cursey's violation of the conditions of his release during his first term of supervision. *Id.* at *1. Because of this error, Cursey argued that state law imposed a clear duty on the warden to release him. *Id.*

On August 16, 2022, the circuit court denied Cursey's mandamus request. Cursey appealed, but the Wisconsin Court of Appeals affirmed. *See Cursey,* 2023 WL 2998889, at *2.

The Court of Appeals explained that "'[m]andamus is an extraordinary legal remedy, available only to parties that can show that the writ is based on a clear, specific legal right which is free from substantial doubt.' (citing *State ex rel. Zignego v. Wis. Elections Comm'n*, 957 N.W.2d 208, 217 (2021) (citation omitted)) [and] '[a] party seeking mandamus must also show that the duty sought to be enforced is positive and plain; that substantial danger will result if the duty is not performed; and that no other adequate remedy at law exists.' *Id.* (citation omitted)." *Cursey,* 2023 WL 2998889, at *1. The Court of Appeals further explained that Cursey had been treated properly under state law. He had received consecutive sentences in two different cases, each consisting of a term of initial incarceration and a term of extended supervision. And, while serving the supervision term from his first case, Cursey violated the conditions of extended supervision, resulting in the revocation of extended supervision for both cases. While Cursey claimed that Wisconsin law, notably *State v. Collins*, 760 N.W.2d 438 (Wis. Ct. App. 2008), precluded his being revoked in both cases, the Court of Appeals rejected this argument, explaining that Cursey's consecutive periods of extended supervision consisted of one continuous period, and thus revocation for the entire period was proper. *Cursey,* 2023 WL 2998889, at *1. The Court of Appeals also concluded that Cursey's mandamus request failed for procedural reasons. It explained that a decision revoking extended supervision was subject to review in the circuit court through a petition for certiorari. *Id.* at *2 (citing *State ex rel. McElvaney v. Schwarz*, 756 N.W.2d 441 (Wis. Ct. App. 2008); *State ex rel. Thomas v. Schwarz*, 732 N.W.2d 1 (Wis. 2007)). Accordingly, Cursey had an adequate remedy at law for any alleged error in the revocation of his sentence and was thus not entitled to a writ of mandamus. The Wisconsin Supreme Court denied Cursey's request for review on September 26, 2023.

## STANDARD OF REVIEW

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court cannot issue a writ of habeas corpus on a claim rejected on the merits in state court unless the petitioner surmounts high obstacles." *Janusiak v. Cooper*, 937 F.3d 880, 888 (7th Cir. 2019). A *habeas* petition must allege that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a federal court may not grant habeas relief on any claim adjudicated on the merits in a state court proceeding unless the adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28

U.S.C. § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). This standard is highly deferential. A federal court may not grant relief if "fairminded jurists could disagree on the correctness of the state court's decision." *Minnick v. Winkleski*, 15 F.4th 460, 468 (7th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). At screening, the Court must also consider whether the petitioner filed the petition within the limitation period, exhausted his state court remedies, and avoided procedural default.

## ANALYSIS

Cursey raises two grounds for relief. First, he contends the Wisconsin courts incorrectly interpreted Wisconsin statutes, including Wis. Stat. § 973.15(2m)(e), in connection with the state's revocation of his term of criminal supervision. Second, he argues that he was improperly denied a writ of mandamus after the Wisconsin's Department of Corrections failed to follow the proper state statute for his revocation. Cursey's attempt to secure federal habeas relief fails because neither of these grounds raises a proper federal claim. Both are premised on state actors' alleged failure to follow state law. Thus, even if Cursey is correct that the Department of Corrections and the state courts misapplied state law, he cannot seek review of that mistake in a federal habeas proceeding.

In Cursey's first ground for relief entitled "statutory interpretation[,]" he takes issue with the Wisconsin courts' interpretation of Wis. Stat. § 973.15(2m)(e). Cursey argues that Section 973.15(2m)(e) should apply to his case because the section of the statue is entitled "[r]evocation in multiple sentences" and Cursey is serving multiple sentences. The Wisconsin Court of Appeals rejected this argument, holding that this statute applies to a person serving concurrent sentences and is not applicable to Cursey because Cursey received consecutive sentences in two different cases. *Cursey*, 2023 WL 2998889, at *1. Because Cursey's consecutive sentences are computed as one continuous sentence with extended supervision coming only after the terms of confinement in prison have been served, revocation of extended supervision at any time allows revocation as to all consecutive sentences. *Id.* Whether it was error to revoke the petitioner's consecutive terms of extended supervision for a violation that occurred while he was serving the first of these terms is an issue entirely of state law. State courts are entitled to interpret the laws of their own state, and their interpretations are binding on federal courts. *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). Cursey's claim that the state court erred in applying state law is simply not cognizable on

federal habeas review. *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) ("an error in the interpretation of … state sentencing rules[] does not present a cognizable claim for federal habeas relief."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing "that it is not in the province of a federal *habeas* court to re-examine state-court determinations on state-law question"); *Bradley v. Lockett*, 549 F. App'x 545, 549 (7th Cir. 2013) (noting that sentencing errors generally are not cognizable on collateral review); *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013) (federal courts do not have authority to review a state's court's resolution of state-law questions).

Cursey's second ground for relief is entitled "mandamus" and it fares no better. Cursey again takes issue with the revocation of his extended supervision and argues that the warden at the facility where he was incarcerated had a clear duty to release him. But this too rests entirely on Cursey's claim that state law entitles him to release. That is a state law issue; not a matter for a federal court to resolve on *habeas*.

The state courts clearly and consistently held that the petitioner's sentences were to be served consecutively followed by consecutive periods of extended supervision and where a violation occurred during the period of supervision, revocation of the remaining entire period is proper. They also held that Cursey was not entitled to a writ of mandamus under state procedural rules. Because both of Cursey's grounds for relief relate to matters of state law, neither is cognizable under Section 2254 and his petition must be dismissed.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* without payment of fees and/or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is direct to enter judgment accordingly.

The petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event the petitioner decides to appeal, he should ask the Court of Appeals to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on January 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge