UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KENYATTA CURSEY,

          Petitioner,

     v.                                         Case No.      23-cv-1739-bhl

WAYNE OLSON, Warden,

          Respondent.

_____

## ORDER DENYING MOTION FOR RECONSIDERATION

_____

       Kenyatta Cursey, a Wisconsin state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Cursey challenged a state court order denying his request for a writ of mandamus alleging that the warden of the correctional facility where he was housed had a clear duty to release him because it was error for the Wisconsin Department of Corrections to revoke his consecutive terms of extended supervision for a violation that occurred while he was serving the first of these terms. (*Id.* at 3-6.) Cursey received consecutive sentences in two different cases, each consisting of a term of initial incarceration and a term of extended supervision. (ECF No. 6 at 3 *citing Cursey v. Cromwell*, 2022AP1477, 2023 WL 2998889 (Wis. Ct. App. Apr. 19, 2023)). In this situation, the defendant serves the period of confinement in prison under the sentences consecutively and then the terms of extended supervision under the sentences consecutively and in the order in which the sentences have been pronounced. *Cursey*, 2023 WL 2998889, at *1. While serving the supervision term from his first case, Cursey violated the conditions of extended supervision, resulting in the revocation of extended supervision for both cases. (*Id.*) On appeal, the Wisconsin Court of Appeals explained to Cursey that consecutive periods of extended supervision consisted of one continuous period, and thus revocation for the entire period was proper. (*Id.*)

       Cursey's habeas petition sought review on two grounds both based on state law: (1) Cursey challenged the state courts' interpretation of Wis Stat. § 973.15(2m)(e), and (2) claimed that the warden had a clear duty to release him but did not do so in violation of the writ of mandamus.

(ECF No. 1 at 3-6). On January 23, 2024, the Court dismissed his petition because both of Cursey's grounds for relief related to matters of state law not cognizable under Section 2254. (ECF No. 6 at 5.) On February 9, 2024, Cursey filed a Motion for Reconsideration moving this Court to reconsider its Order and arguing he is incarcerated in violation of the Fifth Amendment of the United States Constitution. (ECF No. 8 at 1-2.)

A "motion to reconsider" technically does not exist under the Federal Rules of Civil Procedure. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). Therefore, a motion to reconsider that seeks to challenge the merits of a ruling by a district court will be considered as having been filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment and "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). By contrast, Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (citation omitted). In this case, the petitioner's motion to reconsider was filed sixteen days after the Court entered judgment and appears to claim an error of law and therefore, the Court will consider it under Rule 59(e).

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Manifest error refers to the misapplication or misidentification of controlling law. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Cursey's motion for reconsideration argues his incarceration violates the Fifth Amendment and asks the Court to reconsider its order denying his petition for writ of habeas corpus. (ECF No. 8.) The Court did not address Cursey's Fifth Amendment claim in its Order, for good reason. Although Cursey did allege that "the violations and facts used to prosecute the first [extended supervision] revocation are the same exact facts [and] violations used again in the prosecution of the second [extended supervision.]" (ECF No. 1 at 4), Cursey did not identify the violation or facts used to revoke his extended supervision, or the convictions or dates of judgment underlying

the terms of extended supervision. Cursey did not explain in his original petition or now in his motion for reconsideration how he was "twice put in jeopardy" "for the same offense." (ECF No. 8 at 1.) Cursey also did not raise a constitutional challenge in the state court proceedings and therefore has failed to exhaust his state court remedies. Moreover, Cursey's incarceration does not violate the Fifth Amendment.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states by the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Wisconsin's analogous provision states: "No person for the same offense may be put twice in jeopardy of punishment…." Wis. Const. art. 1, § 8(1). Wisconsin courts have routinely followed decisions of the U.S. Supreme Court as governing the double jeopardy provisions of both constitutions because the provisions of the state and federal constitutions are the same in scope and purpose. *State v. Carpenter*, 541 N.W. 2d 105, 109 (Wis. 1995). The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, protects against a second prosecution for the same offense after conviction, and protects against multiple punishments for the same offense. *See Brown v. Ohio*, 432 U.S. 161, 165 (1977); *United States v. Dixon*, 509 U.S. 688, 696 (1993).

As previously noted, Cursey was convicted in two different cases and received two separate sentences that ran consecutively. While serving the supervision term from his first case, Cursey violated the conditions of extended supervision, resulting in the revocation of extended supervision for both cases. If Cursey is contending that the revocation of his extended supervision violates the Fifth Amendment, his argument fails. Supervised release is part of a defendant's original sentence; when a defendant violates the terms of supervised release, it is the defendant's "breach of trust" in failing to abide by those terms that is sanctioned. *United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001). A revocation of supervised release only modifies the terms of the defendant's original sentence; it is not punishment for the conduct that triggered the revocation. *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996). If a defendant is also sentenced for the underlying offense, this punishment also does not run afoul of the Double Jeopardy Clause. *Id.*; *see also State ex rel. Flowers v. Dep't of Health and Soc. Servs.*, 260 N.W.2d 727, 733 (Wis. 1978) (revocation is a "continuing consequence of the original conviction from which parole was granted"). Cursey violated the terms of his extended supervision while serving the first of his two terms and revocation of Cursey's entire period of extended supervision was proper under Wisconsin law and

does run afoul of the Fifth Amendment. Cursey's argument that his incarceration violates the Double Jeopardy Clause is without merit.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 8) is **DENIED**.

Dated at Milwaukee, Wisconsin on February 15, 2024.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge